GONZÁLEZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from the Registrar of Property of Caguas.

No. 13.—Decided December 22, 1906.

RECORD—ACQUISITION OF OWNERSHIP PRIOR TO THE DATE ON WHICH THE MORT-
GAGE LAW WENT INTO EFFECT.—Although titles transferring or encumbering
the ownership or the possession of real property or real rights, cannot be
recorded or notice thereof entered unless the right of the person executing the
same or in whose name the transfer or encumbrance is made is previously
recorded, nevertheless, titles executed by persons acquiring their rights to the
property prior to the date on which the Mortgage Law went into effect may
record the same without that requisite, provided the acquisition thereof is
proved by authentic documents, and the same right is not recorded in favor
of any other person.

ID.—A deed of sale executed prior to the date upon which the Mortgage Law
went into effect and in accordance with the laws in force on the date of the
execution thereof, constitutes a title of ownership which is perfectly record-
able in the registry of property, without the necessity of the vendors show-
ing their acquisition of the right by another authentic document, which requi-
site is only required by article 20 of the Mortgage Law for the admission
to record of titles executed after that law went into effect.

ID.—CURABLE DEFECTS.—Failure to describe a property by stating the four cardinal
boundaries in a deed of purchase and sale, and failure to state the domicile
of the firm acquiring the same under such deed, constitute curable defects
which must be made to appear in the record in the registry of property.

The facts are stated in the opinion.

*Mr. Arce* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the
court.

This is an appeal taken by Juana González through her at-
torney, Rafael Arce Rollet, from a decision of the Registrar
of Property of Caguas denying the admission to record of
two deeds of purchase and sale of a rural estate.

By public deed executed in Caguas before Notary Fran-
cisco Giménez Prieto, on May 28, 1878, Manuel Muñoz and his
legitimate mother, Encarnación Giménez, sold to the firm of
B. Borrás Hermanos five *cuerdas* of meadow land which they
had in the *barrio* of Cañaboso, of that municipal district, and
which belonged to them in ownership by inheritance from

Nicolás Muñoz, the father and husband, respectively, of the vendors, and formed part of a larger tract of land which had been awarded to them in the deed of partition executed by the heirs of the decedent, Nicolás Muñoz, before Notary Sebastián Muñoz, on May 7, 1875, which the notary stated he had had before him at the time of executing said deed of purchase and sale.

Subsequently, by another deed executed in said city of Caguas, before Notary Lorenzo Giménez García, on May 21 of the current year, Pascual Borrás Llacer, as the managing partner and liquidator of the former special copartnership which did business in this city under the firm name of B. Borrás Hermanos, which capacity of liquidating partner he established by means of a certified copy, issued by Mauricio Guerra Mondragón, a notary of this capital, of the first and third clauses of the articles of dissolution of said firm, executed in this city before said Notary Guerra, on January 22, 1890, from which clauses it appears that the managing partners thereof, Pascual and Juan Borrás, had been appointed liquidators of said firm, with express powers to purchase, sell, exchange, mortgage and lease property of all kinds, personal as well as real, as also to execute all contracts which they might deem proper for the purpose of terminating the liquidators of said firm, with express powers to purchase, Borrás Llacer, as such liquidator of the former firm of B. Borrás Hermanos, sold to Juana González the same five *cuerdas* of meadow land which said firm had acquired under the prior deed of May 28, 1878, from Manuel Muñoz and Encarnación Giménez; and upon the presentation of both deeds in the Registry of Property of Caguas for record, the record of the first instrument was denied by the registrar on account of the incurable defect that the land sold did not appear previously recorded in the name of the persons who made the conveyance, and further, because the latter had not established by authentic documents, that they had acquired said land prior to the date upon which the Mortgage Law went into effect in this

Island (article 20 of said law), with the further curable defect, that the domicile of the purchasing firm was not stated; and of the second, on account of the same incurable defect that the land sold was not recorded in the name of the firm of B. Borrás Hermanos, nor in that of any other person, with the further curable defect, that the capacity of Pascual Borrás Llacer as managing and liquidating partner of said firm was not duly established, and that said land was not described by stating its boundaries on the four cardinal points, and a cautionary notice of said deeds was made in the meantime in the registry of property, effective for one hundred and twenty days.

Attorney Rafael Arce Rollet, took an appeal within the legal period from the decision of the registrar of property to this Supreme Court on behalf of Juana González, seeking the reversal of such decisions, and praying that it be held that both deeds were recordable and should be recorded in the registry without further expense on the part of the appellant.

According to article 20 of the Mortgage Law in force in this Island, in order to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the person conveying it, or the one in whose name the transfer or encumbrance is made, must be previously recorded, and registrars shall refuse to record said instruments so long as this requisite has not been complied with, they being directly responsible for the damage they may cause third parties by violation of this provision; the third paragraph of the same article provides, however, that they may record without this requisite all deeds executed by persons who have acquired an interest in the same property before the day on which the Mortgage Law went into effect, provided they prove their title by trustworthy documents, and that the same interest is not recorded in favor of another person; but in the record

requested the essential circumstances of said title will be indicated, which shall be taken from the documents necessary for this purpose.

The second of these deeds—that is to say, that of the appellant, Juana González—is covered by this case exactly, because, although the vendors, B. Borrás Hermanos, did not have the lands recorded in their favor, they established their title by means of a trustworthy document, of a date prior to that of the establishment of the Mortgage Law in this Island, namely, the deed executed in their favor by Manuel Muñoz and Encarnación Giménez, on May 28, 1878, an authentic copy of which was presented to the registrar together with a subsequent deed of Juana González, for which reason this deed is perfectly recordable in the registry of property, in accordance with the provisions of article 20 of said Mortgage Law in force in this Island.

With respect to the other prior deed of Manuel Muñoz and Encarnación Giménez in favor of B. Borrás Hermanos, as it appears to have been executed in accordance with the laws in force on the date of its execution, it in itself constitutes a title of ownership perfectly recordable in the registry of property without any necessity on the part of the vendors to prove by another authentic document, the acquisition of their title, which requisite, article 20 of the Mortgage Law, prescribes only for the record of deeds executed subsequently to the establishment of the Mortgage Law.

Pascaul Borrás Llacer having proved his capacity of liquidator of B. Borrás Hermanos, under which he executed the deed in favor of the appellant, Juana González, by means of a certificate issued by Notary Mauricio Guerra, embodying the first and third clauses of the articles of dissolution of said firm, which show that he was appointed such liquidator in conjunction with his brother Juan, with express powers to sell all kinds of property, whether real or personal, the curable defect noted by the registrar upon the deed in question does not exist, although the defect that the land sold was not

described by stating its boundaries on the four cardinal points is present, as well as the defect, that the prior deed does not set forth the domicile of the firm of B. Borrás Hermanos.

In view of the legal provisions cited, the decisions entered by the Registrar of Property of Caguas at the end of the two deeds referred to in this appeal are reversed, and it is held that said instruments are recordable in the registry of property with the curable defects that the first one does not state the domicile of the firm of B. Borrás Hermanos, and that the second does not describe the lands referred to in said deed by giving the boundaries thereof on the four cardinal points; and it is ordered that this decision be communicated to the Registrar of Property of Caguas, together with the two deeds presented, for compliance therewith and other proper purposes.                                             *Reversed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.